IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUN -9 2011

| Matthew M. LaBorde, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:10cv493 (TSE/IDD) |
| | ) |
| Commonwealth of Virginia, | ) |
| Respondent. | ) |

MEMORANDUM OPINION

Matthew M. LaBorde, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. LaBorde was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply as well as a Motion to Strike, Motion to Supplement the Record, Request to Substitute Pages to the Reply Brief, and a Motion for Sanctions. Respondent filed a response to those motions. For the reasons that follow, LaBorde's claims must be dismissed, the Motion to Supplement the Record and the Request to Substitute Pages to the Reply Brief must be granted, and the Motion to Strike and Motion for Sanctions must be denied.

I. Background

On October 30, 2006, Officer Mezo of the Norfolk Police Department received a call to look for four black male teenagers who were suspects in the robbery of an off-duty police officer. See Cir. Ct. Tr., April 10, 2007, at 16, 26. While looking for these suspects, Officer Mezo noticed two individuals in the shadows behind a gas station. He shined his spotlight on them and saw an older white male and an older black male completing what appeared to be a hand-to-hand drug transaction. The older white male—LaBorde—stood and ran. Id. at 17-18.

1

Officer Mezo chased LaBorde and saw him put something in his mouth. Officer Mezo tackled LaBorde to the ground and handcuffed him with the help of Officer Rodney Van Faussein, who had just arrived at the scene. Officer Mezo ordered LaBorde to open his mouth, but he refused. Id. at 18-19. Officer Mezo sprayed pepper spray in LaBorde's face in an attempt to get the material out of LaBorde's mouth, causing LaBorde to cough up a suspected rock of crack cocaine. Id. at 19. Officer Van Faussein then administered abdominal thrusts because LaBorde appeared to be choking, which produced part of a plastic bag and seven suspected rocks of crack cocaine. Officer Mezo collected the eight rocks of crack cocaine and placed them in an evidence folder. LaBorde was transported to a hospital by ambulance, where he vomited several times, revealing five more rocks of suspected crack cocaine. A nurse put these rocks into a vial in front of Officer Mezo, and Officer Mezo gave the evidence folder and vial to Investigator Fred Roberts on October 31, 2006. Roberts weighed and performed a field test on the evidence in the envelope, which had a positive result for cocaine. Id. at 20-24, 36, 69. Roberts brought the evidence envelope to a laboratory at the Virginia Division of Forensic Sciences on December 5, 2006. The remaining rocks were in two vials, which were labeled as a bio-hazard and were turned over to the Norfolk Police Property and Evidence room. Id. at 69-72, 81-82.

On April 10, 2007, LaBorde was convicted in a bench trial in the Circuit Court for the City of Norfolk, Virginia of possession of cocaine with intent to distribute. Commonwealth v. LaBorde, Case No. CR07000165-00. During the trial, Investigator Roberts testified that the evidence with the packaging weighed 1.21 grams, see Cir. Ct. Tr., April 10, 2007, at 79, but the certificate of analysis showed that the combined weight of the five rocks of solid material that were tested was 0.565 grams and the gross weight of the remainder was 0.409 grams. Id. at 89, 93. The court sentenced LaBorde to eight years' incarceration, with five years suspended. See Cir. Ct. Tr., July 13, 2007 at 13.

2

LaBorde pursued a direct appeal to the Court of Appeals of Virginia, challenging the sufficiency of the evidence. The Court of Appeals denied the petition for appeal on April 2, 2008. LaBorde v. Commonwealth, R. No. 1756-07-1 (Va. Ct. App. April 2, 2008), ECF No. 1-7 at 19. On August 1, 2008, the Supreme Court of Virginia refused LaBorde's petition for appeal. LaBorde v. Commonwealth, R. No. 080808 (Va. Aug. 1, 2008).

LaBorde then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the following claims:

> (1) He received ineffective assistance of counsel at the suppression hearing because his attorney (a) failed to subpoena documentation that was favorable to petitioner and could have been used for impeachment, (b) failed to act as a zealous advocate, clearly present facts to the court, or challenge police testimony through meaningful cross-examination, and (c) failed to challenge the Commonwealth's use of perjured testimony to secure an unlawful seizure.
>
> (2) He received ineffective assistance of counsel at trial when his attorney (a) failed to uncover and present exculpatory facts, (b) failed to object to the introduction of the certificate of analysis and the suspected drug evidence, (c) failed to act as a zealous advocate, thereby depriving petitioner of his right to confrontation and a fair trial, and (d) failed to preserve the issue of the admissibility of the certificate of analysis for direct appeal.
>
> (3) He received ineffective assistance of appellate counsel when his attorney (a) failed to pursue a de novo review of a clear abuse of discretion and of Fourth Amendment violations, (b) failed to perfect a viable petition for appeal, and (c) failed to challenge the sufficiency of the evidence.

The court dismissed the petition on October 5, 2009. LaBorde v. Warden of the Pocahontas Corr. Ctr., Case No. 090159, ECF No. 1-12 at 62.

On April 8, 2010, LaBorde filed the instant federal habeas petition,[1] raising the same claims that he raised in the habeas petition he filed in the Supreme Court of Virginia. Based on

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). LaBorde states that he placed the petition in the prison mailing system on April 8, 2010. See Pet. 14, ECF No. 1.

the pleadings and record before this Court, it is uncontested that LaBorde exhausted all of his claims as required under 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Motions and Requests

LaBorde has filed a Motion to Strike, Motion to Supplement the Record, Request to Substitute Pages to the Reply Brief, and a Motion for Sanctions. Respondent has filed a response to these pleadings. The Motion to Supplement the Record and the Request to Substitute Pages to the Reply Brief must be granted, whereas the Motion to Strike and Motion for Sanctions must be denied.

In the Motion to Strike, LaBorde moves to strike the affidavits by his former defense counsel Eric P. Korslund, which were filed by respondent in support of the motion to dismiss. LaBorde argues that these affidavits contain information that is protected by attorney-client privilege, and he asserts that these affidavits were taken and filed in the Supreme Court of Virginia without following the requirements of Virginia Code §8.01-660. LaBorde further argues that inconsistencies between these affidavits render them inadmissible. As noted by counsel for the respondent, a petitioner who claims ineffective assistance of counsel in a habeas petition waives the protection of attorney-client privilege over information that is relevant to those claims. See United States v. Pinson, 584 F.3d 972, 978 (9th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); see also Strickland v. Washington, 466 U.S. 668, 691 (1984) ("In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.") (citation omitted).

4

To the extent that LaBorde bases his argument on the Commonwealth's failure to comply with Virginia state law, this claim is not cognizable in a federal habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, the Motion to Strike must be denied.

In the Motion to Supplement the Record, LaBorde asks to add exhibits to his habeas petition. Because the exhibits are responsive to issues raised in the motion to dismiss, this motion must be granted and the additional exhibits have been considered.

In the Request to Substitute Pages to the Reply Brief, LaBorde explains that he inadvertently submitted several incorrect pages with his reply brief. This motion was filed within the time period that LaBorde was granted to file his reply to the motion to dismiss, so this motion must be granted.

In the Motion for Sanctions, LaBorde asks that counsel for the respondent be sanctioned for inadequate investigation, making false representations of material facts to the court, failing to conduct an objectively reasonable investigation of law relating to this case, and presenting an argument he knows to lack a legitimate basis in the law. Because these allegations against counsel for the respondent are clearly without merit, this motion must be denied.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state

5

court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

LaBorde argues he received ineffective assistance of counsel at the suppression hearing, at trial, and on direct appeal. The Supreme Court of Virginia rejected these claims on the merits as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland, 466 U.S. at 687. See LaBorde v. Warden of the Pocahontas Corr. Ctr., Case No. 090159, ECF No. 1-12 at 62. In reviewing the state court's decision as to each of LaBorde's claims, LaBorde fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination

6

"must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

To evaluate LaBorde's claims of ineffective assistance of counsel, the Supreme Court of Virginia explicitly relied on the two-prong test from Strickland. See LaBorde v. Warden of the Pocahontas Corr. Ctr., Case No. 090159, ECF No. 1-12 at 62-69. LaBorde has therefore failed to show that its decisions were "contrary to" clearly established federal law. See Williams, 529 U.S. at 413.

The Supreme Court of Virginia also reasonably applied the Strickland standard to the facts of LaBorde's case in finding that all of LaBorde's claims failed both the performance prong

7

and the prejudice prong of the <u>Strickland</u> test. Specifically, the Supreme Court of Virginia held that for each claim, LaBorde failed to demonstrate that counsel's performance was deficient and also failed to demonstrate that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

A. <u>Ineffective Assistance at the Suppression Hearing</u>

In claim (1)(a), LaBorde claims that his attorney was ineffective at the suppression hearing because he failed to subpoena documentation that was favorable to LaBorde and allegedly could have been used for impeachment. Specifically, he asserts that his attorney should have subpoenaed the police dispatch log (to show information about the robbery of the off-duty police officer and the suspects) and a copy of the photograph of LaBorde taken at his booking (to show that his race and age are different than that of the robbery suspects). <u>See</u> Brief at 8-9, ECF No. 12. When evaluating this claim, the Supreme Court of Virginia noted that LaBorde failed to proffer the relevant items or to show why the information about LaBorde's race and age was not available to the fact-finder. The court then reasonably concluded that he thus failed to satisfy either prong of the <u>Strickland</u> test. <u>See</u> <u>LaBorde v. Warden of the Pocahontas Corr. Center</u>, Case No. 090159, ECF No. 1-12 at 63. LaBorde has not rebutted these factual findings by clear and convincing evidence. <u>See</u> <u>Miller-El</u>, 545 U.S. at 240. Therefore, he has failed to demonstrate that the Supreme Court of Virginia's decision as to claim (1)(a) was an unreasonable application of federal law, or based on an unreasonable determination of the facts, and this claim must be dismissed.

In claim (1)(b), LaBorde argues that his attorney was ineffective at the suppression hearing because he failed to act as a zealous advocate, clearly present facts to the court, or challenge police testimony through meaningful cross-examination. LaBorde argues that counsel should have established that the police testimony was false and that LaBorde was seized when

8

the officer shined the spotlight on him. See Brief at 10-16, ECF No. 12. These arguments were rejected by the Supreme Court of Virginia, which reasoned that LaBorde "fail[ed] to proffer a valid legal basis upon which counsel could have argued petitioner was 'seized' by the shining of the light" and concluded that LaBorde had failed to satisfy either prong of the Strickland standard. See See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 64. This reasoning reflects a reasonable application of the Strickland standard and LaBorde has not rebutted the relevant factual findings by clear and convincing evidence, so claim (1)(b) must be dismissed.

In claim (1)(c), LaBorde argues that his attorney was ineffective at the suppression hearing because he failed to challenge the Commonwealth's use of perjured testimony to secure an unlawful seizure. LaBorde maintains that Officer Mezo committed perjury because the area where he saw LaBorde was well lit such that it was not too dark for Mezo to see without the use of a spotlight. See Brief at 16-18, ECF No. 12. When the Supreme Court of Virginia evaluated this claim, it concluded that LaBorde "proffer[ed] no evidence to support his claim that the officer committed perjury" and therefore failed to satisfy either prong of the Strickland analysis. See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 65. LaBorde has neither demonstrated that this holding was an unreasonable application of federal law nor provided clear and convincing evidence to rebut the relevant factual findings, so claim (1)(c) must be dismissed.

B. Ineffective Assistance at Trial

In claim (2)(a), LaBorde claims that his attorney was ineffective at trial because he failed to uncover and present exculpatory facts. See Brief at 16-18, ECF No. 21. When LaBorde presented this claim to the Supreme Court of Virginia, the court held that he failed to satisfy either prong of the Strickland standard because he failed to identify the exculpatory facts that

9

counsel should have uncovered. See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 65. This holding was a reasonable application of the Strickland standard. In the instant petition, rather than demonstrating that the Supreme Court of Virginia's decision was incorrect based on the facts as presented, LaBorde attempts to supplement his argument by explaining the facts that counsel should have uncovered. In a federal habeas petition, however, a petitioner may present only the same factual and legal claims that he raised on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). Therefore, the additional facts that LaBorde presents in the instant petition cannot be considered. Because the Supreme Court of Virginia's holding was a reasonable application of the Strickland standard and LaBorde has not demonstrated that the court's finding that he had not explained the facts that counsel should have uncovered was incorrect by clear and convincing evidence, claim (2)(a) must be dismissed.

In claim (2)(b), LaBorde claims that his attorney was ineffective at trial because he failed to object to the introduction of the certificate of analysis and the suspected drug evidence, thereby undermining his sole defense at trial of challenging admissibility and chain of custody of this evidence. See Brief at 24, ECF No. 12. When evaluating this claim, the Supreme Court of Virginia observed that counsel objected to the admission of the certificate of analysis and highlighted the difference in weight between the field test and what was written on the certificate. The court further noted that LaBorde "[did] not articulate how the chain of custody was broken or what other objections counsel should have raised concerning the certificate of analysis." See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 65-66. This holding was based on a reasonable determination of the facts that LaBorde has not rebutted with clear and convincing evidence. Moreover, the Supreme Court of Virginia's

conclusion that LaBorde had therefore failed to satisfy either prong of the Strickland standard was reasonable, and thus, claim (2)(b) must be dismissed.

In claim (2)(c), LaBorde argues that his attorney was ineffective at trial because he failed to act as a zealous advocate, thereby depriving petitioner of his right to confrontation and a fair trial. See Brief at 24, ECF No. 12. The Supreme Court of Virginia held that this claim failed to satisfy either prong of the Strickland standard because LaBorde "fail[ed] to proffer the evidence he contends counsel should have presented on his behalf." See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 66. This conclusion was a reasonable application of the Strickland standard and based on a reasonable determination of the relevant facts, so claim (2)(c) must be dismissed.

In claim (2)(d), LaBorde claims that his attorney was ineffective at trial because he failed to preserve the issue of the admissibility of the certificate of analysis for direct appeal. See Brief at 24, ECF No. 12. The Supreme Court of Virginia reasonably held that this claim failed to satisfy either prong of the Strickland standard because the record "demonstrates that counsel objected to the certificate of analysis and that this issue was raised and considered on the merits on direct appeal." See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 66-67. Because LaBorde has also failed to present clear and convincing evidence that the relevant factual findings were incorrect, claim (2)(d) must be dismissed.

C. Ineffective Assistance on Direct Appeal

LaBorde argues that his appellate attorney was ineffective because he failed to pursue a de novo review of a clear abuse of discretion and of alleged Fourth Amendment violations (claim (3)(a)), failed to perfect a viable petition for appeal (claim 3(b)), and failed to challenge the

sufficiency of the evidence (claim (3)(c)).[1] See Brief at 27, ECF No. 12. The Supreme Court of Virginia reasonably held that all of these claims failed both the performance and prejudice prongs of the Strickland standard because the selection of issues to pursue on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 67-68 (citing Jones v. Barnes, 463 U.S. 745, 751-52 (1983)). Because these holdings were based on a reasonable application of federal law, claims (3)(a), (b), and (c) must be dismissed.

V. Conclusion

For the above stated reasons, this petition must be dismissed, the Motion to Supplement the Record and the Request to Substitute Pages to the Reply Brief must be granted, and the Motion to Strike and Motion for Sanctions must be denied. An appropriate Order shall issue.

Entered this 9th day of June 2011.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

[1] As to claim (3)(b), the Supreme Court of Virginia also specifically noted that Rule 5A:18 did not prevent the issues petitioner raised from being considered on the merits on direct appeal. See LaBorde v. Warden of the Pocahontas Corr. Center, Case No. 090159, ECF No. 1-12 at 68.

12